Daniel, Judge.
The property which the indictment charged the defendant to have feloniously taken and carried away, was on the trial proved to have been stolen from the prosecutor, and shortly thereafter the identical pro-, perty was found in possession of the defendant. This proof having been made on behalf of the state, raised a presumption that the defendant was the thief. The effect of this evidence, was to throw upon the defendant the burthen of accounting for that possession. Evidence of this nature is by no means conclusive, and it is stronger or weaker as the possession is more or less recent. The rule is, that recent possession raises a reasonable presumption against the prisoner. East. P. C. 657, 2 Starkie’s Evidence, 450. The defendant introduced evidence to explain his possession, and for the purpose of repelling the presumption that he stole the property. His brother stated that the defendant had lost pigs; but when he loét them or what sort they were, he did not state. His brother-in-law Dennis stated, that the defendant told him on Sunday morning, that he had on that morning lost pigs, and he described the number, colour, and size; they went in search, and at the house of a free woman of colour, they found the pigs as described by the defendant in number, colour, and size. He told Mrs. King and his brother that he lost his pigs on Sunday morning. He told Mr. Smith on Saturday evening that he had lost his ' pigs on Saturday evening, and asked his assistance in searching for them. The Court left it to the jury to ascertain whether the evidence offered, connected the defendant with the felonious possession of the pigs anterior to the time they were found in the possession of the free woman by the defendant and Dennis. The counsel for the defendant moved the Court to instruct the jury, that there was no evidence to connect the defendant with the felonious possession of the *125 pigs before the time they were found in the possession of the free woman. The court refused to give such instruction, but charged the jury, that there was evidence of the felonious taking, but its weight and effect was for them to decide on. On the first branch cf the charge, there can be no objection; and on the second we think the defendant had no right to demand of the Court the charge prayed. The declaration' of the defendant to Dennis, on Sunday morning before they went to the house of the free woman, of the number, size and colour of the identical pigs which were proved to belong to the prosecutor, and which were also proved to have been recently stolen from the prosecutor, connected with the different statements which the defendant had made as to the time he lost his pigs, with the circumstance of his marking these pigs, and his leaving the state, all taken together precluded the Judge from saying there was no evidence to connect him with the taking before they went to the woman’s house on Sunday morning. The evidence was properly left to the jury for them to say whether they were satisfied beyond a reasonable doubt, that the defendant had stolen the property, and had carried it to the free woman’s house as a cloak to the transaction. We see nothing erroneous in the opinion delivered by the Court. Therefore the Superior Court will proceed to judgment in the case according to this opinion.
Per Curiam. • Judgment affirmed.